IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| AMANDA JOHNSON, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 2:13-CV-822-WKW |
| AMBASSADOR PERSONNEL OF ALABAMA, INC., | ) |
| Defendant. | ) |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the court is Plaintiff's motion for leave to amend her complaint. (Doc. # 22.) Defendant opposes the motion. (Doc. # 24.) For the reasons to follow, the motion is due to be denied.

## I. STANDARD OF REVIEW

Plaintiff's motion to amend is governed by Rule 15(a)(2), which requires that a party wishing to amend her pleadings before trial must seek the opposing party's written consent or leave of the court. Fed. R. Civ. P. 15(a)(2). Though "[t]he court should freely give leave when justice so requires," *id.*, the court may deny a motion to amend on numerous grounds, "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment," *Foman v. Davis*, 371

U.S. 178, 182 (1962). An amendment is futile when a claim as proposed would be subject to dismissal. *See Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004).

## II. BACKGROUND

Plaintiff filed a single-count class action complaint against Defendant on November 7, 2013, alleging a violation of the Fair Labor Standards Act ("FLSA") for unpaid overtime compensation. (Doc. # 1.) The complaint deals entirely with Defendant's denial of overtime to Plaintiff and those similarly situated, and contains no allegations with respect to the circumstances surrounding Plaintiff's separation from employment with Defendant. Defendant answered and filed a counterclaim against Plaintiff for breach of contract, misappropriation of trade secrets, computer theft, and tortious interference with business or contractual relations. (Doc. # 5.)[1] In the counterclaim, Defendant alleges that on September 6, 2013, Plaintiff "provided her two weeks' notice of intent to resign" and then continued "work[ing] with [Defendant] through and including Friday, September 20, 2013." (Doc. # 5, at ¶¶ 9–10.) Plaintiff filed an answer to the counterclaim in

---

[1] Defendant sent Plaintiff a letter in October 2013, prior to her filing this suit, informing her of its belief that she had acted in violation of a business protection agreement, so Plaintiff was aware of Defendant's potential claims prior to the filing of her suit.

2

which she admitted to resigning and working for two additional weeks after giving her notice. (Doc. # 13, at ¶¶ 9–10.)[2]

In the meantime, in the Rule 26(f) Report of Parties' Planning Meeting, Plaintiff indicated her intent to withdraw her class allegations and to proceed individually under the FLSA. (Doc. # 14, at ¶ 3.)

With leave of the court, Plaintiff received an extension of time to amend her pleadings. (*See* Doc. # 21 (extending time to and including April 25, 2014).) Plaintiff timely filed a motion to amend her complaint in which she asserts that Defendant's timing in filing its counterclaims after her filing of the FLSA action suggests a retaliatory motive. (*See* Doc. # 22.) She submitted a proposed amendment to her complaint, adding a count for FLSA retaliation.[3] (*See* Doc. # 22-1.) In the amendment, Plaintiff claims that she engaged in activity protected by the FLSA including, but not limited to, "complaining [about] workplace violations of the FLSA." (Doc. # 22-1, at ¶ 4.) This allegation is vague with respect to what "complaining" occurred and when. For example, it is unclear whether Plaintiff is referencing complaints made during her tenure as an employee of Defendant, or whether she is simply referring to her judicial complaint.

---

[2] Defendant has also provided a copy of Plaintiff's resignation letter. (*See* Doc. # 24-1.)

[3] The proposed amendment does not comply with this court's local rules. *See* M.D. Ala. LR 15.1. Non-compliance with the rules has not influenced the court's determination that the motion for leave to amend should be denied.

Further, Plaintiff claims that, as a consequence of her engagement in protected activity, she has "suffered an adverse employment action, which includes, but is not limited to, workplace discrimination, termination of her employment[,] and the filing of counterclaims" in response to her FLSA complaint. (Doc. # 22-1, at ¶ 5–6.)  If Plaintiff's "complaining" about FLSA violations is limited to her judicial suit, it is unclear how there is not a causation problem because Plaintiff's termination would be antecedent to her engagement in protected activity.

### III.  DISCUSSION

Defendant contends that Plaintiff's motion for leave to amend should be denied because the amendment is futile, made in bad faith,[4] and barred by judicial estoppel.  Defendant criticizes the proposed amended complaint as failing to set out facts "detailing how or when [Plaintiff] was discriminated against or what 'adverse employment action'" she has allegedly suffered.  (Doc. # 24, at 6.)  Defendant argues that Plaintiff's proposed pleading does not satisfy *Twombly*'s requirement that a complaint contain factual allegations sufficient to raise the right to relief from the realm of the speculative to the realm of the plausible.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Assuming the actionability of an

---

[4] That is, Defendant believes that the proposed amended complaint is "intentionally inaccurate," (Doc. # 24, at 6), to the extent that Plaintiff claims she was terminated.

4

employee's FLSA retaliation claim premised upon his employer's retaliatory judicial complaint or counterclaim against the employee,[5] Defendant questions the viability of such a claim in light of Defendant's provision of notice to Plaintiff of its potential claims against her over a month before she filed her complaint.[6] (*See* Doc. # 24-2.)

Defendant also contends that the doctrine of judicial estoppel precludes Plaintiff from assuming contrary positions in her pleadings. Defendant asserts that Plaintiff should not be permitted to plead that it terminated her employment after she has already admitted, in her answer to the counterclaim, that she resigned from her position. *See Best Canvas Products & Supplies, Inc. v. Ploof Truck Lines, Inc.*,

---

[5] At least two district courts in the Eleventh Circuit have allowed FLSA retaliation claims to proceed on the same theory that Plaintiff proposes, provided that the plaintiffs alleged as a part of their claims that their employer's claims against them lacked a reasonable basis in law or fact. *See, e.g.*, *Sederquist v. Indus. Eng'g & Dev., Inc.*, 8:11-CV-1084-T-26AEP, 2011 WL 3331307 (M.D. Fla. Aug. 3, 2011); *Ramos v. Hoyle*, 08-21809-CIV, 2009 WL 2849093 (S.D. Fla. May 15, 2009). There appears to be no Eleventh Circuit decision – published or unpublished – that speaks to the issue. The Fifth Circuit has rejected the notion that an employer's judicial claim against an employee can constitute FLSA retaliation, *Hernandez v. Crawford Bldg. Material Co.*, 321 F.3d 528, 532-33 (5th Cir. 2003), while the Fourth Circuit has endorsed the possibility of such a claim, *Darveau v. Detecon, Inc.*, 515 F.3d 334, 343 (4th Cir. 2008).

Notably, Plaintiff's proposed amendment contains no allegation that Defendant's counterclaims against her are legally or factually baseless. Such allegations are essential to support a claim of retaliation. Otherwise, any employer with a counterclaim against an FLSA plaintiff might be held liable for retaliating.

[6] Defendant also asserts that Plaintiff has not offered evidence to support her new claims. Defendant emphasizes that Plaintiff's discovery responses, provided to Defendant prior to the filing of the motion to amend, "offer nothing to support" a retaliation claim. Of course, pre-motion-to-amend discovery requests and responses presumably would have been limited to the sole FLSA claim and no other claims. Furthermore, at the pleading stage of litigation, evidentiary support is not required.

713 F.2d 618, 621 (11th Cir. 1983) ("[J]udicial admissions are proof possessing the highest possible probative value.  Indeed, facts judicially admitted are facts established not only beyond the need of evidence to prove them, but beyond the power of evidence to controvert them." (internal quotation marks omitted)).  Perhaps Plaintiff intends to assert a constructive or involuntary discharge claim by which she was coerced to offer her resignation, but as her proposed amendment stands, such a theory is not alleged.  Moreover, Plaintiff would need to amend her answer to Defendant's counterclaim in order to correct or clarify her admission that she resigned.

Upon consideration of Defendant's arguments, the court agrees that Plaintiff's proposed amendment is vague, unclear, unsupported by adequate allegations, and significantly, contrary to Plaintiff's prior judicial admission that she resigned from her employment with Defendant.  Thus, Plaintiff's motion for leave to amend the complaint is due to be denied.  However, should Plaintiff wish to cure these defects, she will be permitted a short extension of time to submit a second motion for leave to amend with a proposed amended complaint.[7]

---

[7] Plaintiff is reminded of her obligation to submit a proposed amended complaint that comports with Local Rule 15.1 and Rule 11.  The proposed amended complaint should also reflect the absence of class action claims.

## IV.  CONCLUSION

In accordance with the foregoing analysis, it is ORDERED that Plaintiff's motion for leave to amend the complaint (Doc. # 22) is DENIED with leave to refile on or before **May 27, 2014**.

DONE this 13th day of May, 2014.

                                            /s/ W. Keith Watkins
                                CHIEF UNITED STATES DISTRICT JUDGE